IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREENBERRY BUSH TAYLOR, JR., :
:
    Plaintiff, :
:
vs. :
: CIVIL ACTION 13-0344-KD-M
OCWEN LOAN SERVICING, LLC, and :
U.S. BANK NATIONAL ASSOCIATION, :
:
    Defendants. :

### REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiff (Docs. 8-9) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332. After consideration, it is recommended that Plaintiff's Motion (Docs. 8-9) be denied.

The facts are, briefly, as follows. On September 2, 2006, Plaintiff Greenberry Bush Taylor, Jr. entered into a mortgage agreement with non-Party GMAC Mortgage (hereinafter *GMAC*) to secure a loan for property on Weeks Bay in Baldwin County (Complaint, ¶ 1).[1] In March 2012, GMAC determined that Taylor had not obtained flood insurance on the property as required and, in April 2012, force placed a flood insurance policy on the

---

[1]The Complaint can be found as part of Exhibit A in Document 1.

1

property, increasing the amount of the monthly mortgage payment (*id.* at ¶ 2). Taylor provided proof of flood insurance and, on August 3, 2012, GMAC removed the force placed insurance it had purchased and adjusted the monthly mortgage payment (*id.* at ¶ 3). GMAC insisted, however, that Plaintiff owed the higher rates for the four-month period it maintained Taylor had not independently provided flood insurance coverage (*id.*). GMAC refused to apply Plaintiff's monthly payments toward the mortgage without the additional flood insurance payments and placed the amounts in a temporary holding account (*id.* at ¶ 4). In December 2012, Taylor paid $18,000 under protest to GMAC who combined the funds in the temporary holding account (*id.*). Some of the funds were returned to Plaintiff, though he maintained he did not receive the full amount reported by GMAC (*id.*). GMAC demanded increased payments in January and February 2013; Taylor disputed that additional sums were owed and requested an accounting which was refused (*id.* at ¶ 5). In February 2013, Defendant Ocwen Loan Servicing, LLC (hereinafter *Ocwen*) notified Plaintiff that it had purchased the mortgage and that payments should be made to it (*id.* at ¶ 6). Taylor tried to resolve the dispute regarding how much was owed, but was unsuccessful; Ocwen "threatened to declare the mortgage in default and to initiate foreclosure proceedings" (*id.*). Ocwen then authorized agents to enter the mortgaged property to take photos and perform other

actions "in connection with a purported foreclosure of the mortgage" (*id.*). On April 9, 2013, Ocwen notified Taylor that the true creditor of the mortgaged property was Defendant "U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backe" (hereinafter *U.S. Bank*) (*id.* at ¶ 7). Nevertheless, Plaintiff was instructed to make payments to Ocwen (*id.*).

On June 7, 2013, Taylor filed this action in the Baldwin County Circuit Court, seeking declaratory relief, injunctive relief, and an accounting in raising claims of trespass to realty, negligence, and wantonness (Complaint). On July 3, 2013, Defendants removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1). On July 24, Plaintiff filed a Motion to Remand (Docs. 8-9); Defendants filed a response (Doc. 11) to which Taylor has replied (Doc. 14).

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446 (Doc. 1). In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298

3

U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse; Plaintiff has put forth no argument otherwise (*see* Docs. 9, 14). What is disputed is whether the matter in controversy exceeds $75,000. Taylor argues that the jurisdictional requirement has not been proven by Defendants (Docs. 9, 14) while Defendants argue otherwise (Doc. 11).

In bringing this action, Defendants assert that Taylor

4

filed this action, at least in part, to stave off foreclosure and that this request for relief is their gateway to this Court's jurisdiction (Doc. 1, ¶ 9). The Court notes that Plaintiff, in the Complaint's count for injunctive relief, requests "an Order prohibiting the Defendants from initiating foreclosure proceedings based on the facts herein" (Complaint, ¶ 15(B)).

Plaintiff has argued that he "has not attempted to stop a foreclosure because a foreclosure proceeding has not been initiated" (Doc. 9, p. 7). Pointing out that he has not requested a preliminary injunction or a temporary restraining order to stop a proceeding that has not begun, Taylor asserts that he is only seeking a "time out" until his other claims can be considered (Doc. 9, pp. 7-8).

The Court notes that, in his Complaint, Plaintiff seeks a determination as to whether GMAC properly force placed flood insurance coverage on the mortgaged property and, following that, an accounting of what he owes on the property. This is the heart of the Complaint. Nevertheless, Taylor has asserted Ocwen's threat to initiate foreclosure proceedings and the Defendant's initial steps toward that end (Complaint, ¶ 6).

The Court finds that Plaintiff, as clearly stated in his Complaint, seeks injunctive relief prohibiting the initiation of foreclosure proceedings. That relief has a value.

5

The Court notes that "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir.), *cert. denied*, 531 U.S. 957 (2000). The *Cohen* Court went on to hold that "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen*, 204 F.3d at 1077.

Plaintiff's mortgage with GMAC was for $664,000.00 (Doc. 1, Exhibit B), an amount clearly in excess of the jurisdictional requisite of $75,000.00.[2] Defendants have also provided a property appraisal valuation, demonstrating that the mortgaged property is valued at $437,000.00 (Doc. 1, Exhibit C), also greater than the minimum.

The Court finds that Defendants have demonstrated the

---

[2] In an Eleventh Circuit case, Judge Emmett Cox held that when the jurisdictional amount of a controversy is not clearly evident on the face of a complaint, the district court "may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (*quoting Sierminkski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (*in turn quoting Allen v. R & H Oil & Gas Co.*, 63 F.2d 1326, 1335-36 (5th Cir. 1995)))). This Court finds the use of the exhibits provided by Defendants appropriate in this action under *Williams*.

requisites of diversity jurisdiction in this Court, having satisfied its burden of proving that the value of this controversy exceeds more than $75,000.00.  Therefore, it is recommended that Plaintiff's Motion to Remand (Docs. 8-9) be denied and that this action be allowed to proceed to a full adjudication of the claims.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 13th day of September, 2013.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE